1  RONALD P. SLATES, State Bar #43712
2  KONRAD L. TROPE, *Of Counsel,* State Bar #133214
   RONALD P.  SLATES, A Professional Corporation
3  500 South Grand Avenue, Biltmore Tower Suite 2010
   Los Angeles, California 90071
4  (213) 624-1515 / FAX (213) 624-7536
   rslates2@rslateslaw.com
5  ktrope@tropelawgroup.com

6  Attorneys for Plaintiff Christopher Nelson

7

8

9          **UNITED STATES DISTRICT COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11
   CHRISTOPHER NELSON, an          ) CASE No. _____
12 individual                      )
                                   ) **COMPLAINT FOR:**
13              Plaintiff,         ) (1) Violations of Fair Credit Reporting
                                   ) Act, at 15 U.S.C. §§ 1681 et. seq. -
14     vs.                         ) Publication and Dissemination of
                                   ) Erroneous Information;
15                                 ) (2) Violations of Fair Credit Reporting
   AXOS BANK, an FDIC insured      ) Act, at 15 U.S.C. §§ 1681 et. seq. -
16 financial institution headquartered in ) Intentionally Deficient Investigation of
   San Diego, California; AXOS     ) Disputed Credit Information;
17 FINANCIAL, INC., a Delaware     ) (3)Negligent Investigation of Disputed
   Corporation; and DOES 1-10,     ) Credit Reporting;
18 inclusive,                      ) (4) Violation of the FCRA in Which a
                                   ) Credit Report Was Pulled Without
19                                 ) Authorization; and
              Defendants.          ) (5) Violation of the California Consumer
20                                 ) Credit Reporting Agencies Act.
                                   )
21 _____ )
                                   )    **DEMAND FOR JURY TRIAL**
22
23
24         This is an action for damages brought by an individual consumer against

25 Defendants for actual statutory and punitive damages and costs and attorneys' fees

26 pursuant to the Federal Fair Credit Reporting Act, codified at 15 U.S.C. §1681 *et*

27 *seq*. ("FCRA") and the California Consumer Credit Reporting Agencies Act,

28 codified at California Civil Code §1785.1 *et seq*. ("CCRAA") both of which

1  prohibit unlawful credit reporting and prohibit intentional and negligent

2  investigation of credit reporting disputes.

3    **COMES NOW**, Plaintiff CHRISTOPHER NELSON, presenting his

4  complaint for various claims for relief as follows:

5    **THE PARTIES**

6    1.    Plaintiff CHRISTOPHER NELSON ("Plaintiff" and/or "Nelson"), is

7  now and was, at all relevant times herein mentioned, a resident of the State of

8  California, County of Los Angeles.

9    2.    Plaintiff is informed and believes, and based upon such information

10  and belief alleges, that Defendant AXOS Bank ("AXOS") is now and was, at all

11  times herein mentioned, an FDIC insured financial institution headquartered in San

12  Diego, California.

13    3.    Plaintiff is informed and believes, and based upon such information

14  and belief alleges, that Defendant AXOS Financial, Inc. ("AXOS Financial") is now

15  and was, at all times herein mentioned, a Delaware Corporation, principally

16  engaged in providing financial services with its principal place of business located

17  in Las Vegas, Nevada. AXOS Financial is the parent holding company of AXOS

18  (collectively "Defendants").

19    4.    The true names and capacities of the Defendants sued in this

20  Complaint as DOES 1 through 10, inclusive, whether individual, corporate,

21  associate, or otherwise, are presently unknown to Plaintiffs who therefore sue these

22  Defendants by such fictitious names.  Plaintiffs will amend this Complaint to set

23  forth the true names and capacities of DOES 1 through 10, inclusive, when they

24  have been ascertained or at the time of trial herein.  Plaintiff is informed, believes

25  and thereon alleges that each of these such fictitiously named Defendants

26  participated in some manner in the events and occurrences referred to hereinafter

27  and/or proximately caused the damages complained of herein.

28  ///

*Ronald P. Slates, A Professional Corporation*
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

COMPLAINT AND DEMAND FOR JURY TRIAL

5.     Plaintiffs are informed, believe and thereon allege that, at all times herein mentioned, each of the Defendants (including inter alia, the fictitiously named Defendants) was the agent, servant, employee or co-conspirator of each of the other Defendants, and doing the things herein alleged, was acting in the scope of his, her, or its actual, apparent or special authority as such agent, servant, employee or co-conspirator, and with the permission or consent of each such co-defendant.

6.     Plaintiffs are informed and believe, and based upon such information and belief allege, that at all times herein mentioned that each of the Defendants named herein as DOES 1 through 10, inclusive, were and are in some manner responsible for the actions, acts and omissions herein alleged, and for the damage caused by the Defendants, and are, therefore, jointly and severally liable for the damages caused to Plaintiffs.

7.     Plaintiffs are informed and believe, and based upon such information and belief allege, that at all times herein mentioned, Defendants, and each of them, were agents, servants, representatives, joint venturers, partners, alter egos and/or employees of their co-defendants and in doing the things hereinafter alleged, were acting within the course and scope of their authorities as agents, servants, representatives, joint venturers, partners, alter egos and/or employees with the permission and consent of their Co-Defendants, each Co-Defendant having ratified the acts of the other Co-Defendants.

8.     Plaintiffs are informed and believe, and upon such information and belief allege, that each of the Defendants, including DOES 1 through 10, inclusive, were, at all times herein mentioned, acting in concert with, and in conspiracy with, each and every one of the remaining Defendants.

9.     Wherever appearing in this Complaint, each and every reference to Defendants or to any of them, is intended to be and shall be a reference to all Defendants hereto, and to each of them, named and unnamed, including all

COMPLAINT AND DEMAND FOR JURY TRIAL

1  fictitiously named Defendants, unless said reference is otherwise specifically
2  qualified.

3  **JURISDICTION AND VENUE**

4      10.    This Court has jurisdiction pursuant to 28 U.S.C. §1331 because
5  federal questions are predicated on violations of the Fair Credit Reporting Act
6  ("FCRA"), codified at 15 U.S.C. §§ 1681a-1681o, *et. seq*. The FRCA claims are
7  predicated upon violations of 15 U.S.C. §§ 1681 *et. seq*. This Court has
8  supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as the non-federal question
9  claims arose from the same nucleus of operative facts.

10      11.    Venue is appropriate in this judicial district as the acts described herein
11  took place within the Western Division of the Central District of California.

12      12.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and
13  (b)(2) because Plaintiff maintains his business in this judicial district and the events
14  or omissions giving rise to the claims occurred in this judicial district, and all
15  monies due to Plaintiff from Defendants were and are due and payable in this
16  judicial district.

17  **FACTS COMMON TO ALL CAUSES OF ACTION**

18      13.    In January of 2017, Plaintiff Nelson procured a residential mortgage
19  loan from Bank of the Internet ("BOI") (the "Loan").

20      14.    On or about October 1, 2018, the name of BOI was changed to AXOS
21  Bank. Plaintiff's account number at that time was 70161849.

22      15.    On March 1, 2019, the Loan was paid off in full upon the close of
23  escrow whereby Plaintiff sold the property that had secured the Loan originally
24  taken out in January 2017. A copy of the Grant Deed was provided to AXOS.
25  Despite the Loan being paid off in full, Plaintiff is informed and believes and
26  thereby alleges that at least two of the three credit bureaus reported the account with
27  at least 30 late payments, if not more, after the Loan was paid in full.
28  ///

*Ronald P. Slates, A Professional Corporation*
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

16.     Plaintiff is informed and believes and thereon alleges that at least one, if not two, of the three major credit bureaus continue to this day, to erroneously report Plaintiff Nelson as being delinquent in the repayment of the Loan.

17.     Plaintiff Nelson between January 1, 2019, through the present contacted AXOS several times in writing to correct the erroneous reporting. AXOS took no action to correct its unlawful conduct.

18.     In fact, in June 2019, Plaintiff Nelson retained Lexington Law Group, a consumer credit advocacy firm, to write letters to the CRAs as the CRAs are typically required under the FCRA, 15 U.S.C. § § 1681 *et. seq*., to contact the source of the erroneous credit information before a financial institution can be held liable under FCRA.

19.     Despite multiple communications between Lexington Law Group and the CRAs, Defendants kept repeatedly claiming that they had performed a full and complete investigation and found no error on its side in terms of any indication of erroneous credit reporting. Nevertheless, Defendants through the CRAs continued disseminating false and erroneous information about Plaintiff Nelson's credit-worthiness, claiming that he was delinquent in paying off the 2017 loan, which was not the case.

20.     Plaintiff's activity statement printed on June 22, 2020, shows the AXOS loan being paid in full at pages 4-5 thereof.  A true and correct copy of said activity statement is attached hereto and incorporated herein by reference as though set forth in full as **Exhibit "1"**.

21.     From January 2019 until the present, Plaintiff repeatedly disputed the negative reporting by Defendants by writing directly to the three CRAs known as Experian, Equifax, and TransUnion. A true and correct copy of Plaintiff's records evidencing this negative credit reporting is attached hereto and incorporated herein by reference as though set forth in full as **Exhibit "2"** and **Exhibit "3"** .  In fact, even after June 7, 2021, negative credit information was still being disseminated by

COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants about Plaintiff to the various CRAs. Based on the foregoing, Defendants committed over 40 violations under §1681n(a)(1)(B) FCRA and therefore, Plaintiff seeks $800,000 in compensatory and punitive damages according to proof at trial.

22.    Despite Defendants being on notice by the CRAs regarding the inaccuracies, Defendants did nothing other than conduct an intentionally deficient, or grossly negligent investigation claiming that Defendants were accurately reporting everything. True and correct copies of correspondence from Defendants from May, June, and July of 2020 claiming that a full investigation had been carried out and found no erroneous reporting are attached hereto and incorporated herein by reference, collectively, as **Exhibit "4"**.

23.    Defendants were repeatedly contacted by Lexington Law Group and Plaintiff Nelson throughout 2019 - 2023, and Defendants still have yet to correct the reporting error. In fact, as of this date, one credit agency, Experian, is still showing erroneous late payments in 2019 and 2020 despite the full payoff of the Loan in March 2019.

24.    From in or about September of 2022 through March of 2023, Defendants without any authorization of any type made a credit inquiry into Plaintiff Nelson. The credit inquiry was not authorized, nor was there any justification for it as Plaintiff had no active accounts with Defendants.  On February 28, 2023, Plaintiff filed a small claims action against AXOS seeking redress against it for the behavior described herein above in the Superior Court for the State of California, County of Los Angeles, Small Claims Division, bearing Case No. 23STSC00986 (the "Small Claims Action"). Thus, Plaintiff is informed and believes and based upon such information and belief alleges that AXOS was illegally seeking information about Plaintiff as part of its preparation for the small claims trial or some other unlawful purpose.

///

///

COMPLAINT AND DEMAND FOR JURY TRIAL

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

25.     On May 1, 2023, a trial was held in the Small Claims Action in Department 1A before the Honorable Alan Cohen, Judge Pro Tem.  In a singular sentence, the Judge Pro Tem Alan Cohen stated "Court orders judgment entered for Plaintiff Chris Nelson against Defendant AXOS Bank on the Plaintiff's Claim filed by Chris Nelson on February 28, 2023 for the principal amount of $10,000.00 and costs of $75.00 for a total of $10,075.00." This was a single sentence ruling, has  no clarification as to which claim or claims were being specifically adjudicated and no identification evidence was used to justify th $10,075.00 award given to the Plaintiff. A true and correct copy of the entry of judgement from May 1, 2023, is attached hereto and incorporated herein by reference, as **Exhibit "5"**.

26.     On May 11, 2023, Defendant AXOS timely filed a Notice of Appeal within the Superior Court seeking a Trial *de Novo* before the Superior Court.  As a result, the case was assigned to the Honorable Emma Castro, Commissioner, Department 90, Los Angeles Superior Court.

27.     The Trial *de Novo* was to begin on June 12, 2023. However, Plaintiff requested to cancel or dismiss the Plaintiff's original Small Claims Court action and judgment. The Court set dates for filing and exchanging Points of Authorities on Plaintiff's Motion to Dismiss and scheduled the next hearing date for July 28, 2023.

28.     On August 28, 2023, the Honorable Emma Castro, Commissioner of the Los Angeles Superior Court, in a detailed written version, denied Plaintiff's Request to Cancel or Correct Judgment/Motion to Dismiss Plaintiff's Small Claims action. She then set the Trial *de Novo* for hearing on October 11, 2023 at 8:30 a.m. A true and correct copy of Commissioner Castro's ruling of August 28, 2023, is attached hereto and incorporated herein by reference as **Exhibit "6"**.

29.     Based upon stipulated continuances, all counsel and parties appeared for the Trial *de Novo* on November 2, 2023. While cross examining the Plaintiff Christopher Nelson, counsel for AXOS, referred to a handful of specific exhibits from Plaintiff's two volumes of over 200 exhibits previously submitted to the court.

COMPLAINT AND DEMAND FOR JURY TRIAL

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

Plaintiff's  two volumes, containing 201 exhibits, had been served upon Defendant's counsel and submitted to the court two weeks before the Trial *de Novo*. A true and correct copy of the Plaintiff's Trial Exhibit List is attached hereto and incorporated herein by reference as **Exhibit "7"**.

30.     In the Minute Order from November 2, 2023, the Small Claims Appellate Division issued a very broad and general summary of the testimony taken and identified 6 exhibits of 201 exhibits that were ***admitted by reference***. However, the exhibits were simply mentioned by reference number as part of the testimony heard.  The Court gave no indication on how any evidence impacted its decision. A true and correct copy of Commissioner Castro's Summary of Proceedings of November 2, 2023, is attached hereto and incorporated herein by reference as **Exhibit "8"**.

31.     On January 2, 2024, a single sentence judgment was rendered in favor of Plaintiff Chris Nelson against Defendant AXOS Bank:  "Court orders judgment after trial de novo entered for Plaintiff Chris Nelson against Defendant AXOS Bank on the Plaintiff's Claim filed by Chris Nelson on 02/28/2023 for the principal amount of $10,000.00 and costs of $75.00 for a total of $10,075.00."

32.     The obvious lack of evidentiary findings and the lack of any detailed findings of fact and conclusions of law, completely shroud the ruling in ambiguity, leaving uncertainty as to which of the multiple violations, if any, were adjudicated. A true and correct copy of the ruling of January 2, 2024, is attached hereto and incorporated herein by reference as **Exhibit "9"**.

33.     The absence of clarity regarding the adjudicated claims and the evidentiary basis for such adjudication renders the Plaintiff's present complaint immune to the doctrine of *res judicata* and collateral estoppel. *See Sanderson v. Niemann*, 17 Cal.2d 563, 573 (1941); *Sanders v. Walsh*, 219 Cal. App. 4th 855, 869 (2013); *Lauter v. Rosenblatt*, 2020 WL 4797926, at *2 (C.D. Cal. June 30, 2020); *Younger v. Cnty. of San Bernardino*, 2017 WL 8944063, at *6 (C.D. Cal. Sept. 11,

2017). The inherent uncertainty allows for the Plaintiff's claims to proceed unimpeded.

34.     The purpose of the Small Claims Court is to quickly adjudicate on claims up to $10,000 with no counsel presenting your best interest. However, collateral estoppel and the doctrine of *res judicata* should not apply to Plaintiff because both California courts, and Federal Courts interpreting California law, on this issue have said that there is no due process if a reviewing court cannot decipher the boundaries of the decision. *See Sanderson v. Niemann*, 17 Cal.2d 563, 573 (1941); *Sanders v. Walsh*, 219 Cal. App. 4th 855, 869 (2013); *Lauter v. Rosenblatt*, 2020 WL 4797926, at *2 (C.D. Cal. June 30, 2020); *Younger v. Cnty. of San Bernardino*, 2017 WL 8944063, at *6 (C.D. Cal. Sept. 11, 2017).

35.     The Superior Court proceedings were not a full adjudication. The compromises inherent in Small Claims Court proceedings of:

        a.     being an unrepresented plaintiff at the initial trial, with counsel being available, at Trial *de Novo*, subject to the additional limitations below; and

        b.     extreme procedural limitations, including but not limited to:

                i.     no discovery;

                ii.    no requirement for written evidentiary rulings;

                iii.   no requirement for the judicial officer at the initial hearing or at Trial *de Novo* to issue findings of fact and conclusions of law;

do not fulfil the requirement of due process for collateral estoppel or the doctrine of *res judicata* to apply. *See Sanderson v. Niemann*, 17 Cal.2d 563, 573 (1941); *Sanders v. Walsh*, 219 Cal. App. 4th 855, 869 (2013); *Lauter v. Rosenblatt*, 2020 WL 4797926, at *2 (C.D. Cal. June 30, 2020); *Younger v. Cnty. of San Bernardino*, 2017 WL 8944063, at *6 (C.D. Cal. Sept. 11, 2017).

36.     With no clarity as to which of Plaintiff's multiple allegations have been adjudicated, Plaintiff is forced to re-allege all claims and seek admission into evidence of the entire two volumes of evidence previously referenced during the

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

November 2, 2023, Trial *de Novo* hearing. A single sentence judgment cannot preclude this present claim when the judgment itself does not elucidate what causes of action and evidence were integral in making the judgment in the Small Claims Court.

## FIRST CLAIM FOR RELIEF

(Against Defendants for Violations of the FCRA;

Publication and Dissemination of Erroneous Information)

37.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 36, with the same force and effect as though set forth in full herein below.

38.     Defendant violated 15 U.S.C. § § 1681 e(b) and 1681 a-2 by failing to establish or follow reasonable procedures to ensure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

39.     The Defendant's unlawful conduct was willful and resulted in AXOS misleading third party creditors into believing the lack of credit-worthiness of Plaintiff.

40.     Plaintiff therefore is entitled to recover damages under 15 U.S.C. § § 1681n through 1681o in the amount of $800,000.00 or an amount to be proven at trial.  The aforementioned conduct of Defendants, and each of them, was intentional, deceitful, including of concealment of material facts known to the Defendants with the intention on the part of the Defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and such conduct was and is despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of punitive and exemplary damages, as well as an award of attorneys' fees to the extent allowed by law.

41.     Plaintiff is further entitled to recover costs and attorneys' fees pursuant to 15 U.S.C.  § § 1681n through 1681o.

COMPLAINT AND DEMAND FOR JURY TRIAL

**SECOND CLAIM FOR RELIEF**

(Against Defendants for Violations of the FCRA:

Intentionally Deficient Investigation of Disputed Credit Information)

42.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 36, with the same force and effect as though set forth in full herein below.

43.     Defendant violated 15 U.S.C. § § 1681 e(b) and 1681 a-2 by intentionally failing to conduct a full and proper investigation despite being on notice to conduct said investigation and to establish or to follow reasonable procedures to correct erroneous information concerning Plaintiff in the preparation and dissemination of credit reports and credit re-files that it published and maintained concerning Plaintiff.

44.     The Defendant's unlawful conduct was willful and resulted in AXOS misleading third party creditors into believing the lack of credit-worthiness of Plaintiff.

45.     Plaintiff therefore is entitled to recover damages under 15 U.S.C. § § 1681n through 1681o in the amount of $800,000.00 or an amount to be proven at trial.

46.     Plaintiff is further entitled to recover costs and attorneys' fees pursuant to 15 U.S.C.  § § 1681n through 1681o.

**THIRD CLAIM FOR RELIEF**

(Negligent Investigation of Disputed Credit Reporting)

47.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 36, inclusive, with the same force and effect as though set forth in full herein below.

48.     Defendant violated 15 U.S.C. § § 1681 e(b) and 1681 a-2, by negligently failing to conduct a full and proper investigation despite being on notice to conduct said investigation and to establish or to follow reasonable procedures to correct erroneous information concerning Plaintiff in the preparation and

COMPLAINT AND DEMAND FOR JURY TRIAL

dissemination of credit reports and credit re-files that it published and maintained concerning Plaintiff.

49.     The Defendant's unlawful conduct resulted in AXOS misleading third party creditors into believing the lack of credit-worthiness of Plaintiff.

50.     Plaintiff therefore is entitled to recover damages under 15 U.S.C. § § 1681n through 1681o in the amount of $800,000.00 or an amount to be proven at trial.

51.     Plaintiff is further entitled to recover costs and attorneys' fees pursuant to 15 U.S.C. § § 1681n through 1681o.

### FOURTH CLAIM FOR RELIEF

(Violation of the FCRA in Which a Credit Report

Was Pulled Without Authorization)

52.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 36 inclusive, with the same force and effect as though set forth in full herein.

53.     Defendants violated 15 U.S.C. § 1681 e(b) by intentionally pulling an unauthorized credit pull/credit report of Plaintiff, which credit pull/credit report was done in retaliation for Plaintiff having pursued any remedies by the filing, by Plaintiff, of a Small Claims Action against Defendants for their unlawful and willful conduct as set forth herein above.

54.     The Defendants' unlawful conduct was willful, intentional and conducted without any authority whatsoever.

55.     Plaintiff therefore is entitled to recover damages under 15 U.S.C. § § 1681n through 1681o in the amount of $800,000.00 or an amount to be proven at trial.

56.     Plaintiff is further entitled to recover costs and attorneys' fees pursuant to 15 U.S.C. § § 1681n through 1681o.  The aforementioned conduct of Defendants, and each of them, was intentional, deceitful, including of concealment of material

COMPLAINT AND DEMAND FOR JURY TRIAL

facts known to the Defendants with the intention on the part of the Defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and such conduct was and is despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of punitive and exemplary damages, as well as an award of attorneys' fees to the extent allowed by law.

### FIFTH CLAIM FOR RELIEF

(Against Defendants for Violation of the CCRAA)

57.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 34, with the same force and effect as though set forth in full herein below.

58.    Defendants violated the CCRAA, California Civil Code § 1785.14(b) by failing to follow reasonable procedures to ensure maximum possible accuracy of the information concerning Plaintiff.

59.    As a proximate result of the Defendants' violations enumerated above, Plaintiff has been damaged in amounts believed to be in excess of $800,000.00 or according to proof at the time of trial.

60.    Defendants violations were willful and malicious. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory and punitive damages, and attorney's fees and costs pursuant to California Civil Code § 1785.31 according to proof at the time of trial.

**WHEREFORE**, Plaintiff prays for relief as follows:

**FOR THE FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS FOR VIOLATIONS OF THE FCRA; PUBLICATION AND DISSEMINATION OF ERRONEOUS INFORMATION**:

1.    For damages in at least the sum of Eight Hundred Thousand and 00/100 Dollars ($800,000.00) including late fees or an amount to be proved at trial;

2.    For interest on the sum of Eight Hundred Thousand and 00/100 Dollars ($800,000.00);

COMPLAINT AND DEMAND FOR JURY TRIAL

3.     For punitive or exemplary or enhanced damages to the extent permitted by law;

4.     For attorneys' fees to the extent permitted by law;

**FOR THE SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS FOR VIOLATIONS OF THE FCRA: INTENTIONALLY DEFICIENT INVESTIGATION OF DISPUTED CREDIT INFORMATION**:

1.     For damages in at least the sum of Eight Hundred Thousand and 00/100 Dollars ($800,000.00) including late fees or an amount to be proved at trial;

2.     For interest on the sum of Eight Hundred Thousand and 00/100 Dollars ($800,000.00);

3.     For punitive or exemplary or enhanced damages to the extent permitted by law; and

4.     For attorneys' fees to the extent permitted by law;

**FOR THE THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS FOR NEGLIGENT INVESTIGATION OF DISPUTED CREDIT REPORTING**:

5.     For damages in at least the sum of Eight Hundred Thousand and 00/100 Dollars ($800,000.00) including late fees or an amount to be proved at trial;

6.     For interest on the sum of Eight Hundred Thousand and 00/100 Dollars ($800,000.00); and

7.     For attorneys' fees to the extent permitted by law;

**FOR THE FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS FOR VIOLATION OF THE FCRA IN WHICH A CREDIT REPORT WAS PULLED WITHOUT AUTHORIZATION**:

1.     For damages in at least the sum of Eight Hundred Thousand and 00/100 Dollars ($800,000.00) including late fees or an amount to be proved at trial;

2.     For interest on the sum of Eight Hundred Thousand and 00/100 Dollars ($800,000.00);

///

COMPLAINT AND DEMAND FOR JURY TRIAL

3.      For punitive or exemplary or enhanced damages to the extent permitted by law; and

4.      For attorneys' fees to the extent permitted by law;

**FOR THE FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS  FOR VIOLATION OF THE CCRAA**:

1.      For damages in at least the sum of Eight Hundred Thousand and 00/100 Dollars ($800,000.00) including late fees or an amount to be proved at trial;

2.      For interest on the sum of Eight Hundred Thousand and 00/100 Dollars ($800,000.00);

3.      For punitive damages to the extent permitted by law; and

4.      For attorneys' fees to the extent permitted by law;

**FOR ALL CAUSES OF ACTION**:

1.      For costs of suit incurred herein; and

2.      For any such other and further relief as this Honorable Court deems just and proper.

DATED:  April 1, 2024                Respectfully submitted,

RONALD P. SLATES
A PROFESSIONAL CORPORATION

BY: RONALD P. SLATES
Attorneys for Plaintiff Christopher Nelson

**JURY DEMAND**

The Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the *Federal Rules of Civil Procedure*.

DATED:  April 1, 2024

RONALD P. SLATES
A PROFESSIONAL CORPORATION

BY: RONALD P. SLATES
Attorneys for Plaintiff Christopher Nelson

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

COMPLAINT AND DEMAND FOR JURY TRIAL